UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SHERMAN-AMIN-BRADDOX:BEY

               Plaintiff,

        -against-

NANNIE MCNEIL, CARMEN LORENZ,
BETA ABSTRACT, LIVE WELL
FINANCIAL, SHAUN DONOVAN, Secretary
of the United States Department of Housing
and Urban Development, and RUBIAN
FOGLIA,

               Defendants.
----------------------------------------------------------X

OPINION & ORDER
10-CV-5340 (ARR)(JMA)

ROSS, J.

      Plaintiff, Sherman-Amin-Braddox:Bey, ("plaintiff") commenced this action on or about September 1, 2010 in the Supreme Court of the State of New York, Kings County, against defendants Nannie McNeil ("McNeil"), Carmen Lorenz ("Lorenz"), Beta Abstract ("Beta"), Live Well Financial ("LWF"), Shaun Donovan, the Secretary of the United States Department of Housing and Urban Development("HUD") ("Donovan"), and Rubian Foglia ("Foglia" and, together with McNeil, Lorenz, Beta, LWF, and Donovan, "defendants"), seeking, inter alia, to compel the determination of the real property known as 82 Moffat Street, Kings County, New York (the "Property"), pursuant to Article 15 of the New York Real Property Actions and Proceedings Law. (Compl. ¶ 1.) On November 18, 2010, Donovan removed the action to this court, asserting jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). (Docket Entry # 1.) See also 28 U.S.C. § 1442(a)(1) (permitting removal of an action commenced in a state court against the United States or an agency thereof.) Donovan now moves to dismiss the Complaint for lack of

subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Additionally, Beta and LWF move to dismiss the Complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, and Lorenz moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, Donovan's motion is granted, and the remaining motions are denied without prejudice.

I. Background

Plaintiff alleges that prior to March 24, 2010, the Property was owned by Avery S. Clapp and William H. Clapp, both now deceased. (Compl. ¶ 9.) After the decedents' deaths, their heirs, including plaintiff, petitioned the Kings County Surrogate's Court to appoint petitioner and McNeil as co-administrators of the Clapp estate. (Id. ¶ 10.) Although McNeil knew that she was not the sole heir to the Clapp estate, she nevertheless executed a deed, dated March 24, 2010, fraudulently claiming that she was the sole heir and transferring ownership of the Property to herself. (Id. ¶¶ 11-12.) The deed was neither executed at the direction of the Surrogate's Court nor acknowledged by plaintiff. (Id. ¶ 15.) Plaintiff alleges that McNeil conspired with Lorenz and Foglia to have Foglia, acting as a Notary Public, acknowledge McNeil's signature on the deed, with the knowledge that McNeil was not the sole heir to the Clapp estate. (Id. ¶¶ 13-14.) Plaintiff further alleges that, although LWF and Donovan knew or should have known that McNeil was not the sole heir to the Clapp estate, they nevertheless loaned $787,500 to McNeil in connection with the fraudulent conveyance. (Id. ¶¶ 16, 23.)

2

II. Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

a. Standard

Donovan has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). As the party seeking to invoke the jurisdiction of the court, plaintiff bears the burden of demonstrating that subject matter jurisdiction is proper based on facts existing at the time the complaint was filed. Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir.1996). For the purposes of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may consider affidavits and other materials beyond the pleadings. See J.S. ex rel. N.S., 386 F.3d at 110; Robinson v. Gov't of Malaysia, 269 F.3d 133, 140-41 & n. 6 (2d Cir. 2001).

b. The Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which waives the United States' sovereign immunity against "claims against the United States for money damages . . . for injury or loss of property . . . caused by negligent or wrongful act or omission of any employee of the government while acting within the scope of . . . employment," governs the plaintiff's claims against Donovan, as Secretary of HUD. 28 U.S.C. § 1346(b). See also Narvaez v. United States, No. 05 CV 2240, 2007 WL 174141, at *1 n.1 (E.D.N.Y. Jan. 19, 2007) (noting that the FTCA governed plaintiff's negligence claims against HUD). Although plaintiff asserts his claims against Donovan individually, the FTCA "requires that suit be brought against

the United States itself, not against individual defendants or agencies." Baez v. Bureau of Prisons, No. 02 Civ. 9216, 2004 WL 1777583 at *21-*22 (S.D.N.Y. May 11, 2004). See also 28 U.S.C. § 2679(b)(1) (providing that "the remedy against the United States . . . for tortious acts committed by employees acting within the scope of employment is exclusive of any other civil action or proceeding against the employee"). On December 2, 2010, by virtue of the authority vested in him by the Attorney General pursuant to 28 C.F.R. § 15.4, Assistant United States Attorney Edward K. Newman certified that Donovan was acting within the scope of his employment with respect to the allegations in the Complaint. (See Docket Entry #14). Accordingly, pursuant to 28 U.S.C. § 2679(d), the United States is substituted for Donovan as a defendant. See 28 U.S.C. § 2679(d)(1) (requiring substitution of the United States as a defendant "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . .").

The United States argues that plaintiff's Complaint must be dismissed because plaintiff failed to comply with the FTCA's exhaustion requirement. The FTCA provides, in relevant part, that:

> an action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). See also McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). This exhaustion requirement "is jurisdictional and cannot be waived," Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.

1983), cert. denied, 464 U.S. 864 (1983), and applies to all FTCA claims, "including those originating in state court against defendants yet to be formally replaced by the United States." Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 83 (2d Cir. 2005). Moreover, "[t]his procedural hurdle applies equally to litigants with counsel and to those proceeding pro se." Adeleke v. United States, 355 F.3d 144, 153 (2d Cir. 2004). The plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement. In re "Agent Orange" Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements."). Thus, where a plaintiff has failed to present his or her claim to the appropriate federal agency prior to commencing a suit seeking damages under the FTCA, the district court lacks jurisdiction, and the case must be dismissed. See Harrison v. Lutheran Medical Center, No. 05-CV-2059, 2010 WL 4038791, at *2 (E.D.N.Y. Sep. 29, 2010) ("Because administrative exhaustion requirements under the FTCA are jurisdictional and may not be waived, [plaintiff's] FTCA claim should be dismissed for lack of subject matter jurisdiction.").

Plaintiff does not allege in his Complaint that he first presented his claim to HUD, and he offers no evidence in opposition to the United States' motion to dismiss suggesting that he exhausted his administrative remedies. As there is no indication that he has complied with the FTCA's exhaustion requirement, this court lacks subject matter jurisdiction over plaintiff's FTCA claim against the United States. See Hallowell v. United States, No. 3:06-CV-0412, 2007 WL 708634, at *1 (D. Conn. Feb. 25, 2007) (dismissing plaintiff's FTCA claims for failure to allege administrative exhaustion before HUD). Accordingly, the United States' motion to dismiss for lack of subject matter jurisdiction is granted.

III.  Plaintiff's State Law Claims

Plaintiff's remaining claims against McNeil, Lorenz, Beta, LWF, and Foglia allege New York state law claims of fraud and negligence and seek a determination pursuant to the New York. Real Property Actions and Proceedings Law.  Where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims.  28 U.S.C. § 1367(c)(3); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (noting that a district court may, in its discretion, dismiss a plaintiff's state law claims where "considerations of judicial economy, convenience, and fairness to litigants" require).  Where "all federal claims are dismissed during the preliminary stages of litigation, 'judicial economy, convenience, fairness, and comity' are generally best served by a district court's refusal to exercise supplemental jurisdiction."  Leon v. Aglialoro, No. 09-CV-289, 2009 WL 1117463, at *2 (E.D.N.Y. Apr. 23, 2009) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).  As plaintiff's federal claims have been dismissed at this early stage of the litigation, the court declines to exercise jurisdiction over his New York state law claims.  Accordingly, this case is remanded to the Supreme Court of the State of New York, Kings County, and the remaining motions to dismiss are denied without prejudice.

IV.  Conclusion

For the foregoing reasons, the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED. This case is remanded to the Supreme Court of the State of New York, Kings County, and Beta's,

LWF's, and Lorenz's motions to dismiss are DENIED, without prejudice. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.                               /Signed by Judge Ross/

                                          _____
                                          Allyne R. Ross
                                          United States District Judge

Dated: February 25, 2011
Brooklyn, New York